FILED by   EG   D.C.
ELECTRONIC

Jul 21 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-21918-civ-Lenard/Klein

| | |
|---|---|
| **JAIME JALIFE** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    vs. | ) |
| | ) |
| **ACE CAPITAL AND OTHERS** | ) |
| **UNDERWRITING AT LLOYD'S** | ) |
| **SEVERALLY SUBSCRIBING TO** | ) |
| **POLICY NO. A5BGLY170,** | ) |
| | ) |
|    **Defendants.** | ) |
|   | ) |

### AMENDED COMPLAINT FOR DECALRATORY RELIEF

Comes Now, the Plaintiff, Jaime Jalife (hereinafter "Jalife or Plaintiff"), by and through undersigned counsel and in accordance with Federal Rule of Civil Procedure 15, and Files this Complaint against Defendants, Ace Capital and Others Underwriting at Lloyd's Severally Subscribing to Policy No. A5BGLY170 (hereinafter "Underwriters").

### VENUE AND JURISDICTION

1. This is a Declaratory Action brought under 28 U.S.C. § 2201, et, seq.

2. This is also an action brought in Admiralty under 28 U.S.C. § 1333.

3. This case involves a dispute over the scope of insurance coverage available to Jalife under a policy issued by Underwriters.

4. Venue is proper in the Southern District of Florida because:

    a. the Underwriters agreed to submit to any Court of competent jurisdiction within the United States of America:

    b. the Vessel's ultimate destination and new home port was to be Miami;

    c. Plaintiff and Defendant do business within the Southern District of Florida;

    d. the pertinent insurance brokers have a principal office within the Southern District of Florida;

    e. the Southern District of Florida is best suited for the convenience of the parties and witnesses and will promote the just and efficient conduct of this action.

## COUNT I – DECLARATORY RELIEF

5. Plaintiff incorporates Paragraphs 1-4 of the Complaint as if fully set forth herein.

6. On May 24, 2005 Underwriters renewed, modified and wrote an insurance binder for the Vessel, Mamma Mia, a 2001 85' Fiberglass Azimut Motor Yacht 1500 h.p. MTU Diesel Engines M.D.S. 28 Knots.

7. This insurance contract, written by the Underwriters, contained a provision (hereinafter the "Navigational Provision") setting forth the navigational limits of the Vessel.

8. The Navigational Provision included all of the Caribbean Sea.

9. At the time, the Vessel was moored at Cancun, Mexico and was covered under the policy as it was within the navigational limits as set forth by the Navigational Provision of the Policy.

10. This Policy contained a provision that any cancellation of coverage by the Underwriters would take effect not less that ten days after notice was served.

11. On May 31, 2005 while the Vessel was within the navigational limits as provided by the Navigational Provision of the May 24, 2005 policy, Underwriters wrote to cancel coverage of the Vessel South of the Tropic of Cancer from June 1 to October 31 inclusive.

12. Insured received notice on June 1, 2005.

13. Under the ten-day notice and effect provision written by the Underwriters, this cancellation of coverage would not take effect until at least June 9, 2005, when the new policy and new navigational limits would take full effect.

14. In an event to comply with the new policy, the new navigational limits and the cancellation of coverage issued by the Underwriters by June 9, 2005, Plaintiff ordered the Vessel back to its home port to obtain necessaries for a voyage to Miami and New York, locations which are both North of the Tropic of Cancer and comply with the new navigational limits taking effect June 9, 2005.

15. While returning to Jalife's home port in Puerto Aventuras, Mexico to obtain necessaries for the voyage the Vessel ran aground and became a total loss.

16. Jalife now seeks, pursuant to 28 U.S.C. 2201 a declaration of coverage by the Court under the policy for the loss, for interest and for attorney fees.

### COUNT II – BREACH OF INSURANCE CONTRACT

17. Jalife incorporates Paragraphs 1-16 of this Amended Complaint as if fully set forth herein.

18. Jalife and Underwriters entered into an insurance contract.

19. Underwriters breached this contract by failing to pay for a covered loss under the Policy.

20. Jalife has damages as a result of this breach.

WHEREFORE, Plaintiff Jalife respectfully requests this Court issue a Declaratory Judgment of Jalife's rights to reimbursement under the Policy and requests judgment against Defendants for his losses, costs, interest, attorneys' fees  based on contractual,

statutory and equitable principles of law including, but not limited to, Fla. Stat. § 627.428.

Dated: July 21, 2005

               Respectfully submitted,

               Moore & Co., P.A.
               Counsel for Plaintiff
               355 Alhambra Circle, Suite 1100
               Coral Gables, Florida 33134
               Telephone: (786) 221-0600
               Facsimile: (786) 221-0601
               Email: mmoore@moore-and-co.net

               **/s/ Michael T. Moore**
               _____
               Michael T. Moore, Esquire
               Florida Bar No. 207845