FILED by _____ EG _____ D.C.
ELECTRONIC

**Oct 7 2005**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-21918-CIV-LENARD/KLEIN

JAIME JALIFE,

     Plaintiff,

vs.

ACE CAPITAL AND OTHERS UNDERWRITING
AT LLOYD'S SEVERALLY SUBSCRIBING TO
POLICY NO. A5BGLY170,

     Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS, OR IN
THE ALTERNATIVE, MOTION TO TRANSFER VENUE
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

     Defendants, ACE CAPITAL AND OTHERS UNDERWRITING AT LLOYD'S

SEVERALLY SUBSCRIBING TO POLICY NO. A5BGLY170, (hereinafter

"UNDERWRITERS"), by and through their undersigned counsel, request this Honorable Court

to dismiss this case without prejudice pursuant to Federal Rules of Civil Procedure 12(b)(3) and

12(b)(7), or in the alternative, to transfer this case to the United States District Court for the

District of Delaware pursuant to 28 U.S.C. § 1404, which is where the Defendants first filed suit

regarding the same contractual dispute presented in this case, and state:

**INTRODUCTION**

     1.    This case involves a marine insurance coverage dispute regarding the grounding of

the *M/Y Mamma Mia* at Puerto Aventuras, Mexico on or about June 5, 2005.  Defendants,

-1-

4/RA

UNDERWRITERS, issued a marine insurance policy to Varadam Foundation, a non-party, and Plaintiff, JAIME JALIFE, to cover the Yacht during the period of May 20, 2005 to May 20, 2006.  Mr. JALIFE owns Varadam Foundation, which is a Delaware corporation, and therefore he is the beneficial owner of the Yacht.  The Policy contained a Navigation Warranty (or Limit) that required the Yacht to be <u>north</u> of the Tropic of Cancer between June 1st and October 31st. The Yacht grounded <u>south</u> of the Tropic of Cancer and violated the navigation warranty.

2.    Defendants, UNDERWRITERS, first filed a declaratory judgment action against the Insureds, Varadam Foundation and JAIME JALIFE, in the Federal District Court for the District of Delaware on June 20, 2005.  On July 15, 2005 Varadam Foundation filed an Answer to the Defendants, UNDERWRITERS', Complaint.  The same day that Plaintiff, JAIME JALIFE'S, company, Varadam Foundation, filed an Answer in the Federal District Court in Delaware, JALIFE filed a declaratory judgment action for the very same dispute against the Defendants, UNDERWRITERS, in the United States District Court for the Southern District of Florida. Contrary to Local Rules 3.9C and D, Plaintiff, JAIME JALIFE, failed to advise this Honorable Court about the pendency of the Delaware suit.  Plaintiff, JALIFE, also failed to advise this Court of the fact that his company had filed a Motion to Transfer Venue in the Delaware action.

3.    ***On October 6, 2005, the United States District Court for the District of Delaware entered an Order <u>denying</u> Varadam Foundation's Motion to Transfer the first filed case to the United States District Court for the Southern District of Florida.***  Given the fact that the United States District Court for the District of Delaware refuses to relinquish its jurisdiction over the subject dispute, this Honorable Court is essentially compelled to either dismiss this action without prejudice, or in the alternative, to transfer this case to the Federal District Court in

Delaware

## STATEMENT OF MATERIAL FACTS

4.    Defendants, UNDERWRITERS, issued Policy of Insurance No. A5BGLY170 to

Varadam Foundation and JAIME JALIFE, which provided hull and machinery and protection

and indemnity coverage for their 2001 85' Azimut Motor Yacht named *Mama Mia* for the period

of May 20, 2005 through May 20, 2006.

5.    Varadam Foundation is a Delaware corporation with its principle place of business

at 3511 Silverside Road, Suite 105, Wilmington, Delaware 19810.  A copy of Varadam's

Certificate of Incorporation dated January 30, 2001 and a copy of the Delaware Secretary of

State's Division of Corporation Entity Details for Varadam are attached hereto and made a part

hereof as Exhibits 1 and 2 respectively.

6.    At all times material hereto, Varadam Foundation was and is the legal owner of the

*M/Y Mamma Mia*.  A Copy of the Yacht's Certificate of Registry is attached hereto and made a

part hereof as Exhibit 3.

7.    Varadam Foundation registered the *M/Y Mamma Mia* in St. Vincent and the

Grenadines and the Yacht's Certificate of Registry shows that Varadam Foundation is the owner

and is based in Wilmington, [Delaware], U.S.A.  See Exhibit 3.

8.    As the yacht owner and insured under the Policy, Varadam Foundation is an

indispensable party concerning the resolution of the subject coverage dispute between the parties.

9.    Varadam Foundation is not a party to the case at bar.

10.    At all times material hereto, Plaintiff, JAIME JALIFE, was and is the sole or

majority stock holder of Varadam Foundation and is the beneficial owner of the *Mamma Mia*.

11.    At all times material hereto, Plaintiff, JAIME JALIFE, is a citizen of Mexico and conducts business in the State of Delaware.

12.    Policy No. A5BGLY170 contained a Navigation Warranty that restricted the navigational limits of the *Mamma Mia* as follows:

> Inland and coastal waters of the east and gulf coast USA between Eastport, Maine and Brownsville, Texas, including Bermuda, the Bahamas, and the Caribbean Sea, including Venezuela, but excluding Cuba, Columbia and Haiti. **Warranted not south of the Tropic of Cancer between 1st June and 31st October inclusive.**

13.    On June 5, 2005, the *M/Y Mamma Mia* grounded at Puerto Aventuras, Mexico, which is south of the Tropic of Cancer.

14.    On June 10, 2005, Defendants, UNDERWRITERS', sent a Reservation of Rights Letter to the Insureds, Varadam Foundation and JAIME JALIFE, which advised them that the UNDERWRITERS were reserving their rights to decline coverage for the grounding incident for violation of the Navigation Warranty and that they should take prudent steps to protect their interests under the circumstances.  A copy of Defendants, UNDERWRITERS,' Reservation of Rights Letter dated June 10, 2005, is attached hereto and made a part hereof as Exhibit 4.

15.    On June 20, 2005, Defendants, UNDERWRITERS, filed a Complaint for Declaratory Judgment regarding coverage under the Policy for the subject grounding incident in the United States District Court for the District of Delaware.  A copy of the UNDERWRITERS' Complaint for Declaratory Judgment is attached hereto and made a part hereof as Exhibit 5.

16.    On July 15, 2005, Varadam Foundation filed an Answer to the UNDERWRITERS' Complaint for Declaratory Judgment.  A copy of Varadam Foundation's Answer is attached

-4-

hereto and made a part hereof as Exhibit 6.

17.    On July 15, 2005, Plaintiff, JAIME JALIFE, filed a Complaint for Declaratory Relief against Defendant, UNDERWRITERS, in the United States District Court for the Southern District of Florida.  Plaintiff, JALIFE, however, failed to advise the Honorable Court of the pendency of the first filed action in the United States District Court for the District of Delaware as required by Local Rule 3.9C and D.

18.    On July 21, 2005, Plaintiff, JAIME JALIFE, filed an Amended Complaint for Declaratory Relief but again failed to advise the Court about the pendency of the first filed action in the United States District Court for the District of Delaware.

19.    On July 20, 2005, Varadam Foundation filed a Motion to Transfer Venue with the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404.  Again, Plaintiff, JAIME JALIFE, did not advise this Honorable Court about his company's Motion to Transfer Venue that was filed with the United States District Court for the District of Delaware.

20.    On October 6, 2005, the United States District Court for the District of Delaware entered an Order denying Varadam Foundation's Motion to Transfer Venue.  Additionally, the United States District Court for the District of Delaware entered a Memorandum Opinion that thoroughly discussed the issues surrounding the first filed rule and held that the District Court in Delaware was going to retain jurisdiction of the case.  A copy of the United States District Court for the District of Delaware's Memorandum Opinion and Order dated October 6, 2005, are attached hereto as Exhibits 7 and 8, respectively.

## **MEMORANDUM OF LAW**

21.    Defendants, UNDERWRITERS, base their Motion to Dismiss/Motion to Transfer

-5-

Venue on the "first-filed" rule. The "first-filed" rule holds that when parties have instituted competing or parallel litigation in separate federal courts, the court initially having jurisdiction should hear the case. *Northwest Airlines, Inc. v. American Airlines, Inc.,* 989 F.2d 1002 (8th Cir. 1993); *Supreme International Corp. v. Anheuser-Busch, Inc.*, 972 F. Supp. 604 (S. D. Fla. 1997).

22.    The "first-filed" rule is said to have originated with Chief Justice Marshall's decision in *Smith v. M'Iver*, 22 U.S. 532 (1824). In *Smith v. M'Iver*, the Supreme Court said: "In all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it."

23.    It is now fundamental law that "in the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169 (11th Cir. 1982); *Supreme International Corp. v. Anheuser-Busch, Inc.*, 972 F. Supp. 604 (S. D. Fla. 1997).

24.    Moreover, where two or more competing cases have been filed in different federal district courts, the federal court that has the first-filed case (i.e. "first-filed court") is the appropriate forum in which to determine whether the first-filed case should proceed or whether it should be dismissed or transferred to a more appropriate forum. *Supreme International Corp. v. Anheuser-Busch, Inc.*, 972 F. Supp. 604 (S. D. Fla. 1997).

25.    ***In the case at bar, the Federal District Court for the District of Delaware has already reviewed this matter and has determined that it will <u>not</u> transfer the case to the Federal District Court for the Southern District of Florida.*** See Exhibits 7 and 8. As a consequence, the Honorable Court is essentially required to dismiss this case without prejudice, or in the alternative, to transfer venue of this matter up to the District Court in Delaware. *Merrill*

-6-

*Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169 (11th Cir. 1982)*; Northwest Airlines, Inc. v. American Airlines, Inc.,* 989 F.2d 1002 (8th Cir. 1993); *Supreme International Corp. v. Anheuser-Busch, Inc.*, 972 F. Supp. 604 (S. D. Fla. 1997).

26.    In addition to the "first-filed" rule, the Court should dismiss this case because Plaintiff, JAIME JALIFE, has failed to name the yacht owner, Varadam Foundation, as a party to this suit, which party is obviously necessary for the just adjudication of this dispute.  There is no question that Varadam Foundation is subject to personal jurisdiction before the Federal District Court in Delaware and therefore this Court should dismiss this action in favor of the Delaware action so that all of the interested parties are present in one suit and the UNDERWRITERS are not subject to liability for two separate judgments for the same alleged damages.

WHEREFORE, Defendants, ACE CAPITAL AND OTHERS UNDERWRITING AT LLOYD'S SEVERALLY SUBSCRIBING TO POLICY NO. A5BGLY170, request the Honorable Court to dismiss this case without prejudice pursuant to the "first-filed" rule and Federal Rules of Civil Procedure 12(b)(3) and 12(b)(7).  In the alternative, Defendants request the Honorable Court to transfer venue of this case to the Federal District Court for the District of Delaware pursuant to 28 U.S.C. § 1404**.**

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing has been electronically filed with this Honorable Court and that a true and correct copy of the foregoing has been furnished via telefax and U.S. Mail on this 7th day of October, 2005, to: Michael T. Moore, Esq., Moore & Co., P.A., Attorneys for JAIME JALIFE, 355 Alhambra Circle, Suite 1100, Coral Gables, Florida  33134; and Daniel K. Astin, Esq., The Bayard Firm, Attorneys for Varadam Foundation, 222 Delaware

Avenue, Suite 900, P.O. Box 25130, Wilmington, Delaware 19899.

<div style="margin-left:40%">

STROUP & MARTIN, P.A.
Attorneys for Defendants,
   ACE CAPITAL AND OTHERS
    UNDERWRITING AT LLOYDS, etc., et al.
119 S.E. 12th Street (Davie Blvd.)
Fort Lauderdale, FL 33316
Phone:  (954) 462-8808
Fax:  (954) 462-0278


By:  Farris J. Martin, III  /s/
    FARRIS J. MARTIN, III
    Florida Bar No. 0879916

</div>

-8-

## YACHT·REGISTRY, LTD.
### CERTIFICATE OF INCORPORATION
### OF
VARADAM FOUNDATION

FIRST.   The name of this Corporation is   VARADAM FOUNDATION

SECOND.   Its registered office in the State of Delaware is to be located at 3511 Silverside Road, Suite 105, County of New Castle. The Registered Agent in charge thereof is YACHT REGISTRY, LTD., 3511 Silverside Road, Suite 105, Wilmington, Delaware USA 19810.

THIRD.   The purpose of this corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

FOURTH.   The amount of the total authorized capital stock of this corporation is _____
_____ Dollars ($ ------- ) divided into ____2____ shares, of
NO PAR VALUE _____ Dollars ($ NO PAR ) each.

FIFTH.   The names and mailing addresses of each of the Incorporator or incorporators are as follows:

| NAME | MAILING ADDRESS |
|---|---|
| YACHT REGISTRY, LTD. | 3511 SILVERSIDE ROAD, SUITE 105 |
| | WILMINGTON, DELAWARE  19810   USA |

SIXTH.   Provisions for the management of the business and for the conduct of the affairs of this corporation and provisions creating, defining, limiting and regulating the powers of this corporation, the directors and the stockholders are as follows:

(1) The board of directors shall have the power to make, adopt, alter, amend and repeal the bylaws of this corporation without the assent or vote of the stockholders, including, without limitation, the power to fix, from time to time, the number of directors which shall constitute the whole board of directors of this corporation subject to the right of the stockholders to alter, amend and repeal the bylaws made by the board of directors.

(2) In addition to the powers and authority hereinbefore or by statute expressly conferred upon them, the board of directors of this corporation are hereby expressly empowered to exercise all such powers and to do all such acts and things as may be exercised or done by this corporation; subject, nevertheless, to the provisions of the statutes of the State of Delaware and of the Certificate of Incorporation as they may be amended, altered or changed from time to time and to any bylaws provided, however, that no bylaw so made shall invalidate any prior act of the board of directors which would have been valid if such bylaw had not been made.

SEVENTH:   A director of this corporation shall have no personal liability to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, provided that this provision shall not eliminate the liability of a director (i) for any breach of the director's duty of loyalty to the corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit.

I/WE, THE UNDERSIGNED, for the purposes of forming a Corporation under the laws of the State of Delaware, do make, file and record this Certificate, and do certify that the facts herein stated are true, and I/we have accordingly hereunto set my/our respective hand(s) and seal(s).

YACHT REGISTRY, LTD.

DATED _____JANUARY 30, 2001_____

BY: _Lorelei A. Farrell_
LORELEI A. FARRELL (Assistant Secretary)

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 01/30/2001
010049047 – 3331354

EXHIBIT
1

Division of Corporations - General Information - Entity Details

Page 1 of 1

Frequently Asked Questions    View Search Results    Summary of Charges    Logout

## Entity Details

| | | | |
|---|---|---|---|
| **File Number:** | **3331354** | **Incorporation Date / Formation Date:** | **01/30/2001** (mm/dd/yyyy) |
| **Entity Name:** | **VARADAM FOUNDATION** | | |
| **Entity Kind:** | **CORPORATION** | **Entity Type:** | **GENERAL** |
| **Residency:** | **DOMESTIC** | **State:** | **DE** |
| **Status:** | **GOOD STANDING** | | |

### TAX INFORMATION

| | | | |
|---|---|---|---|
| **Last Annual Report Filed:** | **2004** | | |
| **Annual Tax Assessment:** | **$ 35.00** | **Tax Due:** | **$ 0.00** |
| **Tax Status:** | **CURRENT** | **Total Authorized Shares:** | **2** |

### REGISTERED AGENT INFORMATION

| | | | |
|---|---|---|---|
| Name: | **YACHT REGISTRY, LTD.** | | |
| Address: | **3511 SILVERSIDE ROAD SUITE 105** | | |
| City: | **WILMINGTON** | County: | **NEW CASTLE** |
| State: | **DE** | Postal Code: | **19810** |
| Phone: | **(302)477-9800** | | |

### FILING HISTORY (Last 5 Filings)

| Seq | Document Code | Description | No. of pages | Filing Date (mm/dd/yyyy) | Filing Time | Effective Date (mm/dd/yyyy) |
|---|---|---|---|---|---|---|
| 1 | 0102S | Incorp Delaware Stock Co. | 1 | 01/30/2001 | 09:00 | 01/30/2001 |



Back to Entity Search

To contact a Delaware Online Agent click here.

EXHIBIT 2



# ST. VINCENT AND THE GRENADINES

## MARITIME ADMINISTRATION

### Certificate of Registry

### Nr: 5378/Y

(Issued under the provisions of the Sections 6-35 of the Merchant Shipping Act, 1982)

WHEREAS, the Government of ST. VINCENT AND THE GRENADINES, has considered and approved the application of the ship described hereunder, THEREFORE, be it resolved, that there be issued, pursuant to the terms of the Merchant Shipping Act, 1982, this Certificate of registry to the said vessel entitling her to engage in foreign trade under the flag of St. Vincent and the Grenadines and be accorded the rights and privileges of a St. Vincent and the Grenadines vessel in accordance with the terms of the Merchant Shipping Act, 1982.

| Name of Ship | Official Number | Call Sign | IMO Number |
|---|---|---|---|
| MAMMA MIA | 5378 | J8Y2909 | N/A |

| Year & Port of Registry | Previous Name of Ship | Previous port of Registry |
|---|---|---|
| 2001, KINGSTOWN | NEWBUILDING | N/A |

| Date | Name, Residence and Description of the Owner(s) | Shares | Recorded |
|---|---|---|---|
| 10/05/2001 | VARADAM FOUNDATION WILMINGTON, U.S.A. | 100 % | 23/08/2001 |

### PARTICULARS OF THE SHIP

| Where built | When built | Name and Address of Builders | | | |
|---|---|---|---|---|---|
| ITALY | 2001 | AZIMUT SPA, VIAREGGIO | | | |
| Type of Ship | Pleasure Yacht | Hull Material | 1 | Grp | Length 22.64 m |
| Gross Tonnage | 107 | Number of Decks | 1 | | Breadth 5.70 m |
| Net Tonnage | 32 | Number of Masts | 1 | | Moulded Depth 3.23 m |

### PARTICULARS OF THE ENGINES (IF ANY)

| Nr of sets | Description of engines | When Built | Number of Cylinders | Diameter | Length of stroke | KW |
|---|---|---|---|---|---|---|
| 2 | DIESEL | 2000 | 12 | 130 | 150 | 1119 |

| Name and address of makers |
|---|
| MTU - GERMANY |

| Classification Society | NOT APPLICABLE |
|---|---|

Issued by the authority of the Government of ST. VINCENT AND THE GRENADINES, under my hand and seal, at Monaco, this 11 January 2005.

This Certificate expires on 31 January 2006

The Commissioner for Maritime Affairs





EXHIBIT

3

06/09/05  THU 14:51  [TX/RX NO 5733]  ☑002

# MAGINNIS & HURLEY
### ATTORNEYS & COUNSELORS AT LAW
A PROFESSIONAL LAW CORPORATION

MICHAEL J. MAGINNIS
TIMOTHY P. HURLEY
JOSÉ R. COT*
SCOTT F. DAVIS
JULIE-ANN A. DUHÉ-KEATING*

*ALSO ADMITTED IN TEXAS

CANAL PLACE ONE
365 CANAL STREET
SUITE 2750
NEW ORLEANS, LA 70130

TEL: 504/524-5353
FAX: 504/524-5403

m.maginnis@maginnis.gs.net

June 10, 2005

*Via Certified Mail*

**VARADAM FOUNDATION**
3511 Silverside Road
Suite 105
Wilmington, DE  19818

*Via Telefax: 011-52-55-5311-0355*
*Ext. 272*

**MR. JAIME JALIFE**
Ahuehuetes
110 Casa 67
Mexico D.F..11000

Re:    Assureds:    Varadam Foundation
                          and/or Mr. Jaime Jalife
          Vessel: "MAMMA MIA"
          (Registration No.:  5378)
          Claim:  Vessel grounded
          at Puerto Aventuras, Mexico
          D/L:  June 5, 2005
          Policy No.:  A5BGLY170
          Our File No.:      4640-60-5

## RESERVATION OF RIGHTS LETTER

Dear Sirs:

This will serve to advise you that we have been retained by Certain Underwriters and Insurers at Lloyd's and in London, severally subscribing to Policy No. A5BGLY170 ("Underwriters"), providing hull and machinery and protection and indemnity insurance for Varadam Foundation and/or Mr. Jaime Jalife for the period May 20, 2005 to May 20, 2006, as per mutual agreement.  The hull and machinery coverage provided by the aforementioned policy is pursuant to the American Yacht Form R12, subject to various conditions, warranties, endorsements and amendments as delineated in the policy.

EXHIBIT
4
Blumberg No. 5208

MAGINNIS & HURLEY

VARADAM FOUNDATION                                              June 10, 2005
MR. JAIME JALIFE                                                      Page 2

## Reported Facts

We understand that on or about June 5, 2005, at approximately 1455 hrs., as the vessel was attempting to enter Puerto Aventuras, Mexico, an engine failed, as a result of which the captain lost direction and control of the vessel, and the vessel grounded in a reef outside of the main entrance to the port.  The incident was reported to Underwriters, through Alliance Marine Risk Managers, Inc., on June 6, 2005.  We understand that the assureds contacted Titan Maritime, LLC to remove the vessel from the stranded location and reportedly entered into a time and materials agreement (Standard Form of Salvage Agreement (1997)) with Titan Maritime, LLC, not to exceed USD $750,000.00.  We further understand that the assureds also have an opportunity for a salvage sale of the vessel, "as is, where is" with a potential buyer, Bent Marine LLC.

## Policy Provisions

The hull and machinery coverage in policy no. A5BGLY170 issued by Underwriters to Varadam Foundation and/or Jaime Jalife, is subject to all terms, conditions, warranties, endorsements, exclusions and definitions contained in the policy.  Based on the facts and circumstances of this incident as reported to Underwriters, Underwriters hereby direct your attention to the following pertinent policy endorsement with regard to this claim, as follows:

It is hereby noted and agreed, effective inception, navigating limits hereon are amended to read as follows:

Inland and coastal waters of the east and Gulf Coast U.S.A. between Eastport, Maine and Brownsville, Texas, including Bermuda, the Bahamas and the Caribbean Sea, including Venezuela but excluding Cuba, Columbia and Haiti.  **Warranted not south of the Tropic of Cancer between 1st June and 31st October inclusive.**

MAGINNIS & HURLEY

VARADAM FOUNDATION
MR. JAIME JALIFE

June 10, 2005
Page 3

Further noted and agreed, effective inception, the number of full-time paid crewmembers covered hereunder is increased from three (3) to four (4).

Therefore, in light of the aforementioned navigation warranty, please be advised that there may be no coverage for the referenced claim as a result of the assureds' apparent breach of this express warranty under the policy.

Nothwithstanding this potential coverage defense, Underwriters will continue to investigate and evaluate this claim under a complete reservation of rights under the policy. Specifically, Underwriters reserve their rights, under the policy and the applicable law, to continue their investigation and evaluation of any obligation they may have under the policy, and to later supplement the basis herein set forth for reserving rights and/or denying coverage, if such action is warranted. Please note, however, that Underwriters' investigation and evaluation of this claim should not be construed as a waiver of any of their rights to invoke the terms, conditions, warranties and limitations of the policy, and that all actions taken by Underwriters are done entirely without prejudice.

In addition, Underwriters reserve their rights to withdraw from their handling of this claim and to cease payment of any aspect of this claim should it be determined that no coverage is owed under the policy. Moreover, Underwriters reserve their rights to seek reimbursement from the assureds of any and all expenses paid to, or on behalf of, the assureds by Underwriters with respect to the aforementioned incident in the event there is a determination of no coverage within the policy. Underwriters also reserve their rights to institute a declaratory judgment proceeding against the assureds in connection with the aforementioned coverage issues.

In light of the foregoing reservation of rights, Underwriters strongly urge you to take all appropriate actions to mitigate this loss, including exercising your rights under your agreement with Titan Maritime, LLC and to choose the best course of action available to you.

Underwriters would also recommend that you retain counsel and a qualified marine surveyor/consultant to advise you of your rights in connection

MAGINNIS & HURLEY

VARADAM FOUNDATION                                  June 10, 2005
MR. JAIME JALIFE                                        Page 4

with this incident and to assist you in pursuing appropriate action as a prudent owner under the circumstances.

Should you have any questions with regard to this letter, please do not hesitate to contact the undersigned at (504) 524-5353.

Thank you for your attention to this matter.

Very truly yours,

MAGINNIS & HURLEY, APLC

MICHAEL J. MAGINNIS

MJM:JRC:lm

cc:   ALLIANCE MARINE RISK MANAGERS, INC.
      ATTENTION:      MR. VINCENT F. DEPAOLA

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

ACE CAPITAL AND OTHERS                 )
UNDERWRITING AT LLOYD'S,               )
SEVERALLY SUBSCRIBING TO               )    CIVIL ACTION NO. 05-____ 0 5 -  4 1 3
POLICY NO. A5BGLY170,                  )
                        )
     Plaintiffs,                    )
                        )
     vs.                            )
                        )
VARADAM FOUNDATION                     )
and                                    )
JAMIE JALIFE,                          )
                        )
     Defendants.                    )

*2005 JUN 20 AM 10: 09*

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, ACE Capital and others underwriting at Lloyd's, severally subscribing to Policy No. A5BGLY170, each for itself and not for another, claim against Defendants, Varadam Foundation and Jaime Jalife, and in support hereof allege as follows:

## PARTIES

1.    Plaintiffs are ACE Capital and others underwriting at Lloyd's, severally subscribing to Policy No. A5BGLY170, a policy of hull and machinery and protection and indemnity insurance for the M/Y MAMMA MIA, issued to Varadam Foundation and/or Jaime Jalife for the period May 20, 2005 to May 20, 2006, as per mutual agreement.

2.    Defendant Varadam Foundation is a corporation organized under the laws of the State of Delaware and residing at 3511 Silverside Road, Suite 105, Wilmington, DE 19810.  At

PBH: 176575.1



EXHIBIT
5

all material times, Varadam Foundation was and is the registered owner of the M/Y MAMMA MIA, was and is a named assured under the aforementioned policy of marine insurance, and is subject to the jurisdiction of the Honorable Court.

3.    Defendant Jaime Jalife is a person of full age of majority and a citizen of Mexico, who resides in Ahuehuetes, 110 Casa 67, Mexico D.F. 11000. At all material times, Mr. Jalife was and is a named assured under the aforementioned policy of marine insurance, was and is doing business in the State of Delaware, and is subject to the jurisdiction of the Honorable Court.

## JURISDICTION AND VENUE

4.    The Honorable Court's jurisdiction is based upon the provisions of 28 U.S.C. § 1333. This is an action for a declaration of the rights and obligations of the parties pursuant to 28 U.S.C. § 2201 which, arising out of a policy of marine insurance that is a maritime contract subject to the general maritime law of the United States, constitutes a claim for relief within the admiralty and maritime jurisdiction of this Honorable Court under 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Honorable Court's jurisdiction is also based upon the provisions of 28 U.S.C. § 1367(a) regarding supplemental jurisdiction.

5.    Venue is properly laid in the District of Delaware pursuant to 28 U.S.C. § 1391(b), (c) and (d), and the general maritime law of the United States.

## CLAIM FOR DECLARATORY RELIEF

6.    There is a real and substantial and controversy between the parties concerning

PBH: 176575.1

2

their rights and obligations with respect to insurance coverage under the aforementioned policy of marine insurance.

7.    Plaintiffs issued Defendants a policy providing hull and machinery and protection and indemnity insurance for the M/Y MAMMA MIA for the period May 20, 2005 to May 20, 2006, as per mutual agreement.  The hull and machinery coverage provided by the aforementioned policy is pursuant to the American Yacht form R.12, subject to various conditions, warranties, endorsements and amendments as set forth in the policy.

8.    The coverage afforded under the aforementioned policy is subject to, inter alia, an express promissory warranty which provides:

> Inland and coastal waters of the east and Gulf Coast U.S.A. between Eastport, Maine and Brownsville, Texas, including Bermuda, the Bahamas and the Caribbean Sea, including Venezuela but excluding Cuba, Columbia and Haiti.  Warranted not south of the Tropic of Cancer between 1st June and 31st October inclusive.
>
> Further noted and agreed, effective inception, the number of full-time paid crewmembers covered hereunder in increased from three (3) to four (4).

9.    On June 6, 2005, Plaintiffs received notice by the assureds' agent, Alliance Marine Risk Managers, Inc., that the M/Y MAMMA MIA had grounded on a reef in the Gulf of Mexico off Puerto Aventuras, Mexico.  At the time of the incident, the M/Y MAMMA MIA was south of the Tropic of Cancer and therefore outside the territorial limits specified in the aforementioned express promissory warranty.

10.    On June 10, 2005, a reservation of rights letter was issued to the assureds on behalf of Plaintiffs.

PBH: 176575.1

3

11.    A dispute has arisen between Plaintiffs and Defendants with respect to whether there is coverage under the aforementioned policy for the property damage sustained by the M/Y MAMMA MIA, and for the costs and expenses associated with removal of the vessel and other incidental damages, by reason of the grounding.

12.    There is a justifiable controversy existing between Plaintiffs and Defendants which should be heard by this Honorable Court.

13.    There may be other or further facts or circumstances which invalidate coverage under the aforementioned policy, or which violate the terms, conditions or warranties contained therein, and Plaintiffs therefore reserve the right to raise such other claims to amend the Complaint as may be necessary.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendants declaring that there is no coverage afforded under the aforementioned policy with respect to this incident and for such other and further relief as the Honorable Court may deem just and proper, including the costs of this action.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Date: June _17_, 2005

By: _Michael B McCauley_
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
Attorneys for Plaintiffs

PBH: 176575.1

4

Of Counsel:

Michael J. Maginnis, T.A.
  (La. Bar No. 8862)
José R. Cot
  (La. Bar No. 18852)
Maginnis & Hurley, APLC
365 Canal Street, Suite 2750
New Orleans, LA 70130
(504) 524-5353
(504) 524-5403 (fax)

PBH: 176575.1

5

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

ACE CAPITAL et al.

V.

VARADAM FOUNDATION and
JAMIE JALIFE

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:     0 5 -    4 1 3

TO: (Name and address of Defendant)

Jamie Jalife
3511 Silverside Road
Suite 105
Wilmington, DE 19810

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Michael B. McCauley
Palmer Biezup & Henderson LLP
1223 Foulk Road
Wilmington, DE 19803

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO

JUN 2 0 2005

CLERK _____    DATE _____

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE JUNE 20, 2005 | |
| NAME OF SERVER (PRINT) DAVE CALABRO #722 | TITLE | |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: VARADAM FOUNDATION 3511 SILVERSIDE ROAD SUITE 105 WILMINGTON, DE 19810

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☑ Other (specify): Ms. B. Simmons, Secretary

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

### DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___June 20, 2005___     _David Calabro_____
           Date                  Signature of Server

                        _17TH & WASHINGTON STS, PHILA. PA_
                              Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05 -   413

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ACE CAPITAL et al.

## DEFENDANTS
VARADAM FOUNDATION and JAMIE JALIFE

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Palmer Biezup & Henderson LLP
1223 Foulk Road, Wilmington, DE 19803   (302) 478-0895

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Med. Malpractice | ☐ 625 Drug Related Seizure |      28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |     Liability ☐ 365 Personal Injury — |     of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &     Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|  & Enforcement of Judgment |     Slander ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |      Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |     Liability     Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  Student Loans | ☐ 340 Marine **PERSONAL PROPERTY** |     Safety/Health | | ☐ 490 Cable/Sat TV |
|  (Excl. Veterans) | ☐ 345 Marine Product ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |     Liability ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|  of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |      Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle     Property Damage |      Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |     Product Liability ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |      12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal     Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |     Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment     Sentence | ☐ 791 Empl. Ret. Inc. |      or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/     **Habeas Corpus:** |      Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |     Accommodations ☐ 530 General | |      26 USC 7609 |      Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 540 Mandamus & Other | | |      Under Equal Access |
| |     Employment ☐ 550 Civil Rights | | |      to Justice |
| | ☐ 446 Amer. w/Disabilities - ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| |     Other | | |      State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 2201
Brief description of cause:
Declaratory judgment as to coverage under policy of marine insurance

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
06/17/2005

SIGNATURE OF ATTORNEY OF RECORD
_Michael B McCauley_

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ACE CAPITAL AND OTHERS   )<br>UNDERWRITING AT LLOYD'S )<br>SEVERALLY SUBSCRIBING TO)<br>POLICY NO. A5BGLY170   )<br>   )<br>   Plaintiffs,   )<br>   )<br>   vs.   )<br>   )<br>VARADAM FOUNDATION   )<br>and   )<br>JAIME JALIFE,   )<br>   )<br>   Defendants.   )<br>_____) | Case No. 1:05-cv-00413-SLR |

## ANSWER

Comes Now, Varadam Foundation (hereinafter "Varadam"), by and through undersigned counsel[1], to Answer Plaintiff's Complaint and states the following:

1.     Varadam is without knowledge or information sufficient to form a belief as to the truth of paragraph 1 of the Complaint and therefore denies same and demands strict proof thereof.

2.     Varadam admits the factual allegations contained in Paragraph 2 of the Complaint.

3.     Varadam is without knowledge or information sufficient to form a belief as to the truth of paragraph 3 of the Complaint and therefore denies same and demands strict proof thereof.

4.     Varadam is without knowledge or information sufficient to form a belief as to the truth of paragraph 4 of the Complaint and therefore denies same and demands

---

[1] Varadam's counsel will file its Motion to Appear Pro Hac Vice within the time frame allowed by the Federal Rules of Civil Procedure as well as the Local Rules for the District Court of Delaware.

Blumberg No. 5208

EXHIBIT

6

strict proof thereof.

5.     Varadam is without knowledge or information sufficient to form a belief as to the truth of paragraph 5 of the Complaint and therefore denies same and demands strict proof thereof.

6.     Varadam admits the factual allegations contained in Paragraph 6 of the Complaint.

7.     Varadam is without knowledge or information sufficient to form a belief as to the truth of paragraph 7 of the Complaint and therefore denies same and demands strict proof thereof.

8.     Varadam denies the allegations contained in Paragraph 8 of the Complaint.

9.     Varadam is without knowledge or information sufficient to form a belief as to the truth of paragraph 9 of the Complaint and therefore denies same and demands strict proof thereof.

10.     Varadam is without knowledge or information sufficient to form a belief as to the truth of paragraph 10 of the Complaint and therefore denies same and demands strict proof thereof.

11.     Varadam admits the factual allegations contained in Paragraph 11 of the Complaint.

12.     Varadam is without knowledge or information sufficient to form a belief as to the truth of paragraph 12 of the Complaint and therefore denies same and demands strict proof thereof.

13.     Varadam is without knowledge or information sufficient to form a belief

as to the truth of paragraph 13 of the Complaint and therefore denies same and demands strict proof thereof.

## Affirmative Defenses

### FIRST AFFRIMATIVE DEFENSE

As its first, separate and distinct affirmative defense, Varadam asserts that under the applicable insurance contract, it provisions and warranties Underwriters are obliged to cover the loss.

### SECOND AFFIRMATIVE DEFENSE

As its second, separate and distinct affirmative defense, Varadam asserts that underwriters are equitably estopped from denying coverage of the loss.

### THIRD AFFIRMATIVE DEFENSE

As its third, separate and distinct affirmative defense, Varadam asserts that underwriters are estopped under the doctrine of promissory estoppel from denying coverage under the loss.

### FOURTH AFFIRMATIVE DEFENSE

As its fourth, separate and distinct affirmative defense, Varadam asserts that underwriters have failed to comply with certain provisions of the insurance contract, barring their ability to assert certain allegations in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

As its fifth, separate and distinct affirmative defense, Varadam asserts that the warranties referenced in the Complaint by Underwriters were not in effect at the time of the loss.

### SIXTH AFFIRMATIVE DEFENSE

As its sixth, separate and distinct affirmative defense, Varadam asserts that it was impossible to comply with certain warranties that are claimed to be in effect. Varadam does not waive its right to challenge whether the warranties, which were impossible to perform at the time of the loss, were in effect at the time of the loss.

## SEVENTH AFFIRMATIVE DEFENSE

As its seventh, separate and distinct affirmative defense, Varadam asserts that Underwriters are dealing in bad faith with the Defendant as Underwriters could not have conducted diligent investigation of the loss and made analysis of coverage before filing suit.

Dated: July 15, 2005

Respectfully submitted,

Moore & Co., P.A.
Counsel for Varadam
355 Alhambra Circle
Suite 1100
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email: swagner@moore-and-co.net

Scott A. Wagner, Esquire
Florida Bar No. 10244
Michael T. Moore, Esquire
Florida Bar No. 207845

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ACE CAPITAL AND OTHERS     )
UNDERWRITING AT LLOYD'S )
SEVERALLY SUBSCRIBING TO)
POLICY NO. A5BGLY170       )              Case No. 1:05-cv-00413-SLR
                          )
    Plaintiffs,           )
                          )
    vs.                   )
                          )
VARADAM FOUNDATION        )
and                       )
JAIME JALIFE,             )
                          )
    Defendants.           )
                          )
_____)

## AFFIDAVIT OF SERVICE

STATE OF FLORIDA            )
                           :SS
COUNTY OF MIAMI-DADE       )

BEFORE ME personally appeared the undersigned, Scott A. Wagner, who after been duly sworn, deposes and states as follows:

1.  My name is Scott A. Wagner.  I state that I am over 21-years of age and otherwise competent to make this Affidavit.  The facts and circumstances set forth in this affidavit are true and correct and are based on my personal knowledge and the information available to me as an attorney at Moore & Company, P.A.  My office is located at 355 Alhambra Circle, Suite 1100, Miami, Florida 33134.

2.  Pursuant to United States District Court for the District of Delaware Local Rule 5.2(a), service of the foregoing document is made by overnight courier service, Federal Express, to:

    a.  Michael B. McCauley (ID 2416)
        Palmer Biezup & Henderson, LLP
        1223 Foulk Road
        Wilmington, DE 19803
        (302) 594-0895
        (302) 478-7625 (fax)
        Attorneys for Plaintiffs

    b.  Michael J. Maginnis, T.A.
        (La. Bar No. 8862)
        Jose J. Cot
        (La. Bar No. 18852)
        Maginnis & Hurley, APLC
        365 Canal Street, Suite 2750
        New Orleans, LA 70130
        (504) 524-5353
        (504) 524-5403 (fax)

**FURTHER AFFIANT SAYETH NOT.**

Scott A. Wagner
Florida Bar No. 10244

SWORN TO AND SUBSCRIBED before me this 15th day of July, 2005, by Scott

A. Wagner, who is personally known to me.

NOTARY PUBLIC
State of Florida

My Commission Expires:

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


| | | |
|---|---|---|
| ACE CAPITAL AND OTHERS UNDERWRITING AT LLOYD'S SEVERALLY SUBSCRIBING TO POLICY NO. A5BGLY170 | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 05-413-SLR |
| VARADAM FOUNDATION and JAIME JALIFE, | ) ) ) | |
| Defendants. | ) ) | |

---

Michael B. McCauley, Esquire, of Palmer Biezup & Henderson LLP, Wilmington, Delaware.  Counsel for Plaintiffs.

Daniel K. Astin, Esquire, and Peter B. Ladig, Esquire, of The Bayard Firm, Wilmington, Delaware.  Counsel for Defendants.

---

MEMORANDUM OPINION

Dated: October 6 , 2005
Wilmington, Delaware

EXHIBIT
7
Bumberg No. 5208

ROBINSON, Chief Judge

## I. INTRODUCTION

On June 20, 2005, Ace Capital "and others underwriting at Llyod's severally subscribing to Policy No. A5BGLY170" (collectively called "plaintiffs") filed a declaratory action against Varadam Foundation and Jaime Jalife (collectively called "defendants"). (D.I. 1)  Plaintiffs issued marine insurance Policy No. A5BGLY170 (the "Policy") for the vessel MAMMA MIA. (D.I. 1 at ¶ 1)  Defendant Varadam Foundation is a corporation organized under the laws of the State of Delaware.  (D.I. 1 at ¶ 2)  Defendant Jaime Jalife is a citizen of Mexico who does business in the State of Delaware.  (D.I. 1 at ¶ 3)  At all material times, defendant Jalife was the beneficial owner of the vessel MAMMA MIA and the named insured under the Policy.  (D.I. 3 at 3)  The court has jurisdiction under 28 U.S.C. § 1333 as the claim arises within the admiralty and maritime jurisdiction of the court.  (D.I. 1 at ¶ 4)  Before the court is defendants' motion to transfer venue to the United States District Court for the Southern District of Florida.  (D.I. 3)

## II. BACKGROUND

The Policy was issued to provide protection and indemnity insurance for the hull and machinery of the vessel MAMMA MIA for the period May 20, 2005 to May 20, 2006.  (D.I. 1 at ¶ 7)  The coverage afforded under the Policy is subject to an express promissory warranty, which states: "Warranted not south of the

Tropic of Cancer between 1st June and 31st October inclusive."

(D.I. 1 at ¶ 8)  On June 6, 2005, plaintiffs received notice that

the vessel MAMMA MIA had grounded on a reef in the Gulf of Mexico,

south of the Tropic of Cancer and, therefore, outside the

territorial limits specified in the express promissory warranty.

(D.I. 1 at ¶ 9)  A dispute has arisen between plaintiffs and

defendants with respect to whether there is coverage under the

policy for the property damage sustained by the vessel.  (D.I. 1

at ¶ 11)  Plaintiffs filed this declaratory judgment action

seeking a declaration that there is no coverage afforded under

the policy with respect to this incident.  (D.I. 1)  On July 15,

2005, twenty-five days after plaintiffs filed this action,

defendant Jaime Jalife filed a complaint for declaratory relief

against plaintiffs in the United States District Court for the

Southern District of Florida seeking a declaration of coverage

and alleging a breach of contract.  (D.I. 6 at 3)

III. STANDARD OF REVIEW

    Defendants move the court to transfer this matter, pursuant

to 28 U.S.C. § 1404(a), to the United States District Court for

the Southern District of Florida.  Section 1404(a) provides:

"For the convenience of parties and witnesses, in the interests

of justice, a district court may transfer any civil action to any

other district or division where it might have been brought."  28

U.S.C. § 1404(a).  Because a plaintiff's choice of forum is

2

accorded substantial weight and venue is transferred only if the defendant truly is regional (as opposed to national) in character, a defendant has the burden of establishing that "the balance of convenience of the parties and witnesses strongly favors" the defendant. Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)). Therefore, defendants "must prove that litigating in Delaware would pose a 'unique or unusual burden' on their operations" for the court to transfer venue. Wesley-Jessen Corp. v. Pilkington Visioncare, Inc., 997 F. Supp. 556, 562 (D. Del. 1993).

In reviewing a motion to transfer venue, courts have not limited their consideration to the three enumerated factors in § 1404(a) (i.e., convenience of parties, convenience of witnesses, or interests of justice). Rather, courts have considered "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (internal quotations and citation omitted). The Third Circuit has provided a list of factors to assist district courts in determining "whether, on balance, the litigation would more conveniently proceed and the interests of justice be better served by a transfer to a different forum." Id. These factors entail six

3

private and five public interests.  Private interests include:
(1) the plaintiffs' forum preference as manifested by the
plaintiffs' original forum choice; (2) the defendant's forum
preference; (3) whether the claim arose elsewhere; (4) the
convenience of the parties as indicated by their relative
physical and financial condition; (5) the convenience of the
witnesses -- but only to the extent that the witnesses may
actually be unavailable for trial in one of the fora; and (6) the
location of the books and records.  Id.  Public interests
include: (1) the enforceability of the judgment; (2) practical
considerations that could make the trial easy, expeditious, or
inexpensive; (3) the relative administrative difficulty in the
two fora resulting from court congestion; (4) the local interest
in deciding local controversies at home; and (5) the familiarity
of the trial judge with the applicable state law in diversity
cases.  Id.

IV. DISCUSSION

     As an initial matter, the parties argue over the implication
of the Service of Suit clause in the policy.  The Service of Suit
clause states that "in the event of failure of the Underwriters .
. . to pay any amount claimed to be due . . . the Underwriters,
at the request of the Assured, will submit to the jurisdiction of
a court of competent jurisdiction within the United States of
America." (D.I. 3 at 6)  Defendants argue that this clause

4

mandates that plaintiffs submit to the court to which the defendants wish to transfer. The court finds this argument unpersuasive.

According to the well-settled rules of contract construction, "the language of a contract is to be given its plain and ordinary meaning. Accordingly, where the provisions of a contract are plain and unambiguous, 'evidence outside the four corners of the document as to what was actually intended is generally inadmissible.'" Universal Studios, Inc. v. Viacom, Inc., 705 A.2d 579, 589 (Del. Ch. 1997) (quoting Weissman v. Sinorm Deli, Inc., 669 N.E.2d 242, 247 (N.Y.1996) (citation omitted)). Contract language "is not rendered ambiguous simply because the parties in litigation differ concerning its meaning." City Investing Co. Liquidating Trust v. Continental Cas. Co., 624 A.2d 1191, 1198 (Del. 1993). However, when construing an insurance policy, Delaware courts have formulated special rules of contract construction which differ from those applied to most other contracts. Hallowell v. State Farm Mut. Auto. Ins. Co., 443 A.2d 925, 926 (Del. 1982). If there is any ambiguity in the policy, it must be resolved in favor of the insured and against the insurer that drafted the policy. Aetna Cas. and Sur. Co. v. Kenner, 570 A.2d 1172, 1174 (Del. 1990).

The Third Circuit has held that when an insured sues an insurer, the Service of Suit clause acts to waive the defendant-

5

insurer's right to remove the case.  <u>Foster v. Chesapeake Ins.

Co.</u>, 933 F.2d 1207, 1216-17 (3d Cir. 1991)  However, when the

issue is whether the same clause allows an insured to block, by a

later filing in another court, the insurer's otherwise valid

action for declaratory judgment, the same reasoning does not

apply.  <u>See</u> <u>Int'l Ins. Co. v. McDermott Inc.</u>, 956 F.2d 93 (5th

Cir. 1992) (holding a Service of Suit clause cannot block, by a

subsequent filing in state court, the insurer's action for

declaratory judgment in federal court).  The language in the

Service of Suit provision at bar is not ambiguous.  Nothing in

the Service of Suit clause prevents an insurer from bringing an

action of its own against the insured.[1]  If the insurer does so,

the Service of Suit provision does not prescribe the forum for

the action.  "[T]he Service of Suit clause itself speaks only to

actions brought by the insured.  Thus, when the action is first

instituted by the insurer, the Service of Suit clause simply has

---

[1]The policy continues to read, in relevant part:

Notwithstanding any provision elsewhere in this
insurance relating to jurisdiction, it is agreed that
the Underwriters have the right to commence an action
in any court of competent jurisdiction in the United
States of America, and nothing in this clause
constitutes or should be understood to constitute a
waiver of the Underwriter's right to remove an action
to a United States Federal District Court to to seek
remand therefore or to seek a transfer of any suit to
any other court of competent jurisdiction. . ..

(D.I. 3 at 6)

no application." Int'l Ins., 956 F.2d at 95-96. It would be
unreasonable to construe the Service of Suit provision to mean
that an insured can block an insurer's valid declaratory judgment
action by merely filing a subsequent lawsuit in another
jurisdiction.[2] See International Insurance, 956 F.2d at 96
(concluding that such an interpretation would "make the Service
of Suit clause a convenient mechanism by which the insured could
deprive the insurer of its right to seek a declaratory judgment
or other redress from the courts.").

The Service of Suit provision does not demand that
plaintiffs agree to the motion to transfer by defendants.
Furthermore, defendants' motion to transfer is denied because it
is not clear that the suit could have been brought initially in
the Southern District of Florida and, on a balance, the court
finds that the public and private interest factors favor
maintaining venue in the District of Delaware. As plaintiffs
point out in their opposition to the motion to transfer,
defendants never clearly show that the suit could have been
brought in the Southern District of Florida. While the
defendants state that "Plaintiff and Defendant do business within

---

[2]The Fifth Circuit concluded that the Service of Suit clause
must be construed to allow the insured to choose which forum will
hear its action and to allow the insurer to choose which forum
will hear its action, even though, in some cases, this may lead
to "an unfortunate race to the courthouse." International
Insurance, 956 F.2d at 96 (emphasis in original).

7

the Southern District of Florida," the defendants only specifically state that Jaimie Jalife personally conducts business in Florida.  (D.I. 3 at 3)  There is no clear showing that Varadam would have been subject to a suit in Florida and, therefore, the motion to transfer is denied.[3]  <u>See</u> <u>Shutte v.</u> <u>Armco Steel Corp.</u>, 431 F.2d 22, 24 (3d Cir. 1970).

In further support, the balance of the private and public factors weigh in favor of not transferring the action. Defendants assert that the Southern District of Florida is best suited for the convenience of the parties and witnesses.  The court, however, has denied motions to transfer venue when the movants were unable to identify documents and witnesses that were unavailable for trial in Delaware.  <u>See, e.g.</u>, <u>Argos v. Orthotec</u> <u>LLC</u>, 304 F. Supp.2d 591 (D. Del. 2004).  This case will primarily involve executed documents and applicable law.  At this point there is no reason to believe that a large number of witnesses will be required.  Defendants have not specifically indicated any witnesses who would be unable or unwilling to appear in Delaware, nor any documents that would be too burdensome to ship to Delaware.  Therefore, defendants have not shown litigation in Delaware presents an unusual burden.

Both defendant Varadam, by incorporating in Delaware, and

---

[3]In fact, defendant Varadam is not a party to the suit filed by Jaime Jalife in the Southern District of Florida.

8

defendant Jalife, by conducting business in Delaware, have availed themselves of the laws of this State. As such, mere inconvenience is not a sufficient justification to set aside plaintiffs' choice of forum and transfer venue to the Southern District of Florida.

There is no evidence that the case should be transferred due to public interests. The court does not find defendants' proposition regarding the greater availability of Spanish speaking interpreters in Florida to be persuasive. In addition, Delaware has an interest in litigation regarding companies incorporated within its jurisdiction. Finally, while defendants may find it difficult and against the interests of justice to have two fora decide two sister cases, this situation is a direct result of defendants' actions.

## V. CONCLUSION

For the reasons discussed above, defendants' motion to transfer venue is denied. An order consistent with this memorandum shall issue.

9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


ACE CAPITAL AND OTHERS        )
UNDERWRITING AT LLOYD'S       )
SEVERALLY SUBSCRIBING TO      )
POLICY NO. A5BGLY170          )
                              )
            Plaintiffs,       )
                              )
      v.                      )    Civ. No. 05-413-SLR
                              )
VARADAM FOUNDATION and        )
JAIME JALIFE,                 )
                              )
            Defendants.       )


O R D E R

At Wilmington this 6th day of October, 2005, consistent with the memorandum opinion issued this same date;

IT IS ORDERED that defendants' motion to transfer venue (D.I. 3) is denied.


_____
United States District Judge

EXHIBIT
8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-21918-CIV-LENARD/KLEIN

JAIME JALIFE,

      Plaintiff,

vs.

ACE CAPITAL AND OTHERS UNDERWRITING
AT LLOYD'S SEVERALLY SUBSCRIBING TO
POLICY NO. A5BGLY170

      Defendants.

_____/

**<u>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE</u>**

      THIS MATTER is before this Honorable Court upon the Defendants' Motion to Dismiss

or Change Venue, and the Court having considered said Motion, and having reviewed the Court

file and being otherwise duly advised in the premises, it is

      **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss is hereby

**GRANTED** without prejudice, and it is further

      **ORDERED AND ADJUDGED** that Plaintiff, JAIME JALIFE, may file a Counterclaim

in the action currently pending before the United States District Court for the District of

Delaware.

      **DONE AND ORDERED** in Chambers at Miami, Dade County, Florida this _____ day

of October, 2005.

                               _____

                                 HONORABLE JOAN A. LENARD
                                 U.S. District Court Judge

-1-

Copies Furnished:

      Farris J. Martin, III, Esq., Stroup & Martin, P.A., Attorneys for Defendants, 119 S.E. 12th Street, Fort Lauderdale, FL   33316; and

      Michael T. Moore, Esq., Moore & Co., P.A., Attorneys for JAIME JALIFE, 355 Alhambra Circle, Suite 1100, Coral Gables, Florida  33134; and

      Daniel K. Astin, Esq., The Bayard Firm, Attorneys for Varadam Foundation, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, Delaware 19899

-2-