UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-21918-CIV-LENARD/KLEIN

JAMIE JALIFE,

    Plaintiff,

vs.

ACE CAPITAL AND OTHERS UNDERWRITING AT LLOYD'S SEVERALLY SUBSCRIBING TO POLICY NO. A5BGLY170,

    Defendants.
_____/





FILED by _____ D.C.

DEC - 1 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER OF TRANSFER

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss, or in the Alternative, Motion to Transfer Venue (D.E. 4), filed October 7, 2005. On October 21, 2005, Plaintiff filed a Response. (D.E. 5.) Having reviewed the Motion, the Response, and the record, and being fully advised in its premises, the Court finds as follows.

I.    **Background**

This case consists of a marine insurance coverage dispute involving the grounding of the M/Y Mamma Mia at Puerto Aventuras, Mexico on June 5, 2005. Defendants, Ace Capital and Others Underwriting at Lloyd's Severally Subscribing to Policy No. A5BGLY170 (hereinafter "Underwriters"), issued a marine insurance policy to Varadam Foundation, a non-party, and Plaintiff, Jaime Jalife, to cover the Yacht during the period of May 20, 2005 to May 20, 2006. (D.E. 4 at 1-2; D.E. 1 at 3.) Varadam Foundation is a

Delaware corporation with its principle place of business at 3511 Silverside Road, Suite 105, Wilmington, DE 19810. (D.E. 4 at 3, 9-10.) Varadam Foundation was and remains the legal owner of the M/Y Mamma Mia. (Id. at 3, 11.) Plaintiff was and is the sole or majority stock holder of Varadam Foundation, is the beneficial owner of the M/Y Mamma Mia, and is a citizen of Mexico. (Id. at 3-4; D.E. 5 at 7.) Defendants allege that Plaintiff conducts business in the State of Delaware. (D.E. 4 at 4.) Plaintiff denies this assertion, maintaining he does not conduct business in the state and has never been to Delaware. (D.E. 5 at 7.)

On June 5, 2005, the M/Y Mamma Mia grounded at Puerto Aventuras, Mexico, resulting in total loss. (D.E. 4 at 4; D.E. 1 at 3; D.E. 5 at 2.) On June 10, 2005, Underwriters sent a Reservation of Rights Letter to the Insureds, Varadam Foundation and Plaintiff, which advised them that the Underwriters were reserving their rights to decline coverage for the grounding incident based on a violation of the Navigation Warranty, purportedly contained in the parties' contract. (D.E. 4 at 4, 12.) Ten days later, on June 20, 2005, Underwriters filed a Complaint for Declaratory Judgment regarding coverage under the Policy for the subject grounding incident in the United States District Court for the District of Delaware.[1] (Id. at 4, 16-20.) On July 15, 2005, Plaintiff, Jaime Jalife, filed the instant Complaint for Declaratory Relief against Defendant Underwriters in this Court. (D.E. 1.) On July 20, 2005, Varadam Foundation filed a Motion to Transfer Venue in the District of Delaware pursuant

---

[1] This previously filed case is styled Ace Capital and Others Underwriting at Lloyd's Severally Subscribing to Policy No. A5BGLY170 v. Varadam Foundation and Jaime Jalife, Case No. 05-413-SLR-ROBINSON, United States District Court for the District of Delaware.

to 28 U.S.C. § 1404, seeking to have the action transferred to the United States District Court for the Southern District of Florida. (D.E. 4 at 5.) The District Court for the District of Delaware denied this Motion on October 6, 2005, finding that Defendant Varadam had not shown sufficient justification to set aside Plaintiffs' choice of forum and transfer venue and elected to retain jurisdiction. (Id. at 39.)

## II.    Defendants' Motion

Thereafter, Defendant Underwriters filed the instant motion, requesting that this Court dismiss this case with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(7), or in the alternative, to transfer this case to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404 and the "first-filed" rule. (Id. at 1.) Defendants argue, inter alia, that the "first-filed" rule holds that when parties have instituted competing or parallel litigation in separate federal courts, the court initially having jurisdiction should hear the case. (Id. at 6.) Because the District of Delaware was the first court to be seized of this controversy and has already reviewed the matter and determined that it will not transfer the case, Defendants argue that this Court is required to transfer venue of this matter to the District Court in Delaware. (Id. at 6-7.)

Plaintiff, in his Response, argues, inter alia, that, pursuant to 28 U.S.C. § 1404, the Southern District of Florida is best suited for the convenience of the parties and witnesses and will promote the just and efficient conduct of this action. (D.E. 5 at 8.) Plaintiff avers that he is not subject to personal jurisdiction in Delaware and does not conduct business in Delaware. (Id. at 7, 12.) Moreover, Plaintiff maintains that almost all material witnesses are

from Mexico and are Spanish-speaking. (Id. at 8.) Plaintiff argues the abundance of Spanish translators in Miami and frequent and inexpensive flights to Miami from Mexico compel the finding that venue should remain in Miami. (Id.) Finally, Plaintiff argues that a departure from the "first-filed" rule is justified based on the circumstances, i.e., that Defendants raced to file a "preemptive strike" in the forum of their choice in the interests of "procedural fencing." (Id. at 9-13.)

### III. Legal Standard

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This provision is intended to place discretion in the district court to balance a number of case-specific factors and conduct an individualized, case-by-case consideration of convenience and fairness. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Moreover, principles of comity come into play when separate courts are presented with the same lawsuit. Merrill Lynch Pierce, Fenner & Smith, Inc., 675 F.2d 1169, 1173 (11th Cir. 1982). In such cases, in the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case. Id. at 1174. This mandate, known as the "first-filed" rule, has the primary purposes of conserving judicial resources and avoiding conflicting rulings, and has been adopted by most circuits, including the Eleventh. Id.; Supreme International Corp. v. Anheuser-Busch, Inc., 972 F.Supp. 604, 606 (S.D.Fla. 1997).

### IV. Analysis

Here, the District Court of Delaware was the first to be seized of the underlying controversy when the Underwriters filed a declaratory judgment action against the insureds on June 20, 2005. Further, the Delaware Court has already denied a § 1404(a) Motion for Transfer of Venue, finding that the public and private interest factors favored maintaining venue in the District of Delaware. (D.E. 4 at 37-38.) Thus, the Delaware Court, as the court in which jurisdiction first attached, has manifested its intent to proceed with this action. In following the "first-filed" rule, this Court should defer to this determination in the absence of compelling circumstances to the contrary. Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1006-07 (8th Cir. 1993).

As noted by Plaintiff (D.E. 5 at 9), among the compelling circumstances that may justify a departure from the rule are instances where one party, on notice of a potential lawsuit, files a declaratory judgment action in its home forum. Supreme International, 972 F.Supp. at 606. However, these circumstances do not automatically compel abandoning the first-filed rule, and even when those conditions are present, the first-filed action is preferred, even when declaratory, unless considerations of judicial and litigant economy, and the just disposition of disputes, require otherwise. Id.; Serco Serv. Co. v. Kelley Co., 51 F.3d 1037 (Fed. Cir. 1995); United States Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487 (8th Cir. 1990).

The Court finds, moreover, that the situation cited by Plaintiff is sufficiently distinct from the one at hand such that there is no justification for abrogating the "first-filed" rule. First, there exists no evidence that Underwriters were ever put on notice of a potential

lawsuit by Plaintiff. The available evidence demonstrates that the only communication between the parties following the reporting of the underlying incident and prior to the filing of the Delaware action was the issuance of a Reservation of Rights Letter by the Underwriters.[2] (D.E. 4 at 4, Exhibit 4.) Furthermore, rather than filing in their home forum, Underwriters filed the initial action in the home forum of Varadam Foundation, one of the Defendants in that action. Thus, the present situation does not present sufficient cause for concern that Underwriters have acted in bad faith.

A more compelling argument raised by Plaintiff is that Underwriters have filed their declaratory judgment action for purposes of "procedural fencing" or a preemptive strike. (D.E. 5 at 10-12.) Plaintiff correctly points out that the Declaratory Judgment Act should not be utilized for the purpose of anticipating the trial of an issue and racing to the courthouse to ensure a more favorable forum or procedural posture. See Firemen's Insurance Co. of Newark, New Jersey v. Riley, 322 F.Supp. 349, 352 (W.D. Ky. 1971); Casualty Indemnity Exchange v. High Croft Enterprises, Inc., 714 F.Supp. 1190, 1193 (S.D.Fla. 1989). However, despite noting numerous grounds upon which Courts have found procedural fencing, Plaintiff has failed to demonstrate that Defendants have filed for such an improper purpose. First, Plaintiff relies heavily upon Casualty Indemnity Exchange, where the court held that, "procedural fencing exists when a party in filing a declaratory action accomplishes something that the party could not do through removal." 714 F.Supp.

---

[2] Defendants issued a Reservation of Rights Letter to the insureds, Varadam Foundation and Jaime Jalife, which advised them that the Underwriters were reserving their rights to decline coverage for the grounding incident and that the insureds should take prudent steps to protect their interests. (D.E. 4, Exhibit 4.)

at 1193. Plaintiff has not demonstrated that such is situation exists here, as removal is not an issue and there is no evidence that Underwriters have accomplished any procedural feat in Delaware that could not have been accomplished elsewhere. Second, Plaintiff notes that "proceeding for declaratory judgment is not intended to afford a defendant an opportunity to choose the forum nor to defend an imminent action by the opposite party [by using a declaratory action] unless it appears only thus may his rights be fully protected." (D.E. 5 at 10-11, citing State Farm v. Taylor, 118 F.R.D. 426, 431 (M.D.N.C. 1998) (additional citation and quotation marks omitted).) However, the specter of impermissible forum shopping is not readily apparent in Underwriters' initial filing. Rather than suing in their home forum, Underwriters have sued in Delaware for the apparent purpose of acquiring jurisdiction over both Jalife and Varadam.[3] As Varadam is arguably a necessary party (D.E. 4 at 3), it was reasonable for Underwriters to file their declaratory judgment action in Delaware to ensure that their rights were fully protected and that the entire controversy was addressed. Finally, the suggestion by Plaintiff that Underwriters raced to the courthouse to "edge out an injured party" has no basis in the record and is belied by the fact that Plaintiff was warned by Underwriters to protect his interests via the Reservation of Rights Letter and provided ten (10) days from the date of the letter to do so before Underwriters filed suit. (D.E. 4 at 4.) Thus, Plaintiff has failed to demonstrate procedural fencing or any other compelling

---

[3] The Court notes that Plaintiff argues that he is not subject to personal jurisdiction in Delaware. (D.E. 5 at 7, 12.) Although this issue is not properly before the Court, the Delaware Court finding that Jaime Jalife conducts business in the State of Delaware indicates that the Delaware Court is prepared to assert personal jurisdiction over Jalife and move forward with its case. (See D.E. 4 at 31.) However, in the unlikely event that the District Court of Delaware determines that it does not have personal jurisdiction over Jalife, Plaintiff is free to petition this Court to reopen this case.

circumstances that require the Court to abandon the long-settled "first-filed" rule.

In further support, the Court finds that the balance of public and private factors weigh in favor of transferring the case. Plaintiff contends that almost all material witnesses are from Mexico and are Spanish-speaking. (D.E. 5 at 8.) Travel between Mexico and Florida is "more efficient, less expensive, more frequent and less burdensome than travel from Mexico to Delaware," according to Plaintiff. (Id.) However, as the District of Delaware, the first-filed court, has chosen to move forward with its case, any witnesses will inevitably have to travel to Delaware, regardless. Thus, the only question is whether it is in the interests of justice, fairness and convenience to have them travel to Florida, as well. Clearly, it is not. Moreover, this Court agrees with the Delaware Court that Plaintiff's argument that Spanish translators were more abundant in Florida is unpersuasive. (D.E. 4 at 39.) Plaintiff has not shown that he will have any difficulty finding translators in Delaware. The prospect of duplicative efforts and costs and of inconvenience to both parties, combined with the waste of judicial resources that would inevitably result from parallel litigation, support the Court's decision that transfer is appropriate. Northwest Airlines, 989 F.2d at 1007. Because this issue is dispositive, the Court will not consider Defendant Underwriters' alternative Motion to Dismiss.

Thus, pursuant to 28 U.S.C. § 1404(a), and the Court's case-specific consideration of convenience and fairness to determine whether transfer is in the interests of justice, the witnesses, and the parties, Stewart Organization, 487 U.S. at 29, it is hereby

**ORDERED AND ADJUDGED** that the above-numbered case is transferred to the

District Court of Delaware for further proceedings.

**DONE AND ORDERED** in Chambers at Miami, Florida, this \_\_\_1\_\_\_ day of Dec. November, 2005.

_____
JOAN A. LENARD
**UNITED STATES DISTRICT JUDGE**

cc:   U.S. Magistrate Judge Theodore Klein

All Counsel of Record

**Case No. 05-21918-CIV-LENARD/KLEIN**