UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAIME JALIFE, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | CIVIL ACTION NO. 05-868-KAJ |
| | ) | |
| vs. | ) | |
| | ) | |
| ACE CAPITAL AND OTHERS UNDERWRITING AT LLOYD'S, SEVERALLY SUBSCRIBING TO POLICY NO. A5BGLY170, | ) ) ) ) | |
| | ) | |
| Defendants/Counterclaimants. | ) | |

## ANSWER AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendants, ACE Capital and others underwriting at Lloyd's, severally subscribing to Policy No. A5BGLY170, each for itself and not for another, hereby answer Plaintiff's Amended Complaint for Declaratory Relief as follows:

### VENUE AND JURISDICTION

1. Admitted.

2. Admitted.

3. It is admitted only that this case involves a dispute as to whether there is insurance coverage available to Plaintiff under Policy No. A5BGLY170 subscribed by Defendants. The remaining allegations in Paragraph 3 of the Amended Complaint are denied.

4. Denied, including each and every subpart thereof.

PBH: 182010.1

## COUNT I

5. Defendants incorporate Paragraphs 1 through 4 of their Answer as is fully set forth herein.

6. It is admitted only that Defendants subscribed a policy of marine insurance for the M/Y MAMMA MIA. The remaining allegations in Paragraph 6 of the Amended Complaint are denied.

7. It is admitted only that the policy contained an express navigational warranty. The remaining allegations in Paragraph 7 of the Amended Complaint are denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. The allegations in Paragraph 12 of the Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth or falsity of said allegations.

13. Denied.

14. Denied.

15. Denied.

16. The allegations in Paragraph 16 of the Amended Complaint are conclusions of law and are therefore denied.

## COUNT II

17. Defendants incorporate Paragraphs 1 through 16 of their Answer as is fully set forth herein.

18. The allegations in Paragraph 18 of the Amended Complaint are admitted insofar as Plaintiff is a named assured under Policy No. A5BGLY170 together with Varadam Foundation, a corporation organized under the laws of the State of Delaware and the registered owner of the M/Y MAMMA MIA.

19. Denied.

20. Denied.

WHEREFORE, Defendants pray that judgment be entered in their favor and against Plaintiff, with costs and other such relief as the Honorable Court may deem appropriate.

## AFFIRMATIVE DEFENSES

21. The Amended Complaint fails to state a right, claim and/or cause of action against Defendants upon which relief can be granted.

22. Defendants affirmatively plead the terms, conditions, limitations and exclusions contained in Policy No. A5BGLY170 which is the subject of this dispute, all of which are incorporated herein.

WHEREFORE, Defendants pray that judgment be entered in their favor and against Plaintiff, with costs and other such relief as the Honorable Court may deem appropriate.

## COUNTERCLAIM

ACE Capital and others underwriting at Lloyd's, severally subscribing to Policy No. A5BGLY170, each for itself and not for another, counterclaim against Jaime Jalife, and in support hereof allege as follows:

### PARTIES

1. Counterclaimants are ACE Capital and others underwriting at Lloyd's, severally subscribing to Policy No. A5BGLY170, a policy of hull and machinery and protection and indemnity insurance for the M/Y MAMMA MIA, issued to Varadam Foundation and/or Jaime Jalife for the period May 20, 2005 to May 20, 2006, as per mutual agreement.

2. Counterclaim Defendant Jaime Jalife is a person of full age of majority and a citizen of Mexico, who resides in Ahuehuetes, 110 Casa 67, Mexico D.F. 11000. At all material times, Mr. Jalife was a named assured under the aforementioned policy of marine insurance and the sole officer and director of Varadam Foundation, and is subject to the jurisdiction of the Honorable Court.

### JURISDICTION AND VENUE

3. The Honorable Court's jurisdiction is based upon the provisions of 28 U.S.C. § 1333. This is an action for a declaration of the rights and obligations of the parties pursuant to 28 U.S.C. § 2201 which, arising out of a policy of marine insurance that is a maritime contract subject to the general maritime law of the United States, constitutes a claim for relief within the admiralty and maritime jurisdiction of this Honorable Court under 28 U.S.C. § 1333 and within

the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Honorable Court's jurisdiction is also based upon the provisions of 28 U.S.C. § 1367(a) regarding supplemental jurisdiction.

4. Venue is properly laid in the District of Delaware pursuant to 28 U.S.C. § 1391(b), (c) and (d), and the general maritime law of the United States.

### CLAIM FOR DECLARATORY RELIEF

5. There is a real and substantial and justifiable controversy between the parties concerning their rights and obligations with respect to insurance coverage under the aforementioned policy of marine insurance.

6. Counterclaimants issued to Mr. Jalife (and to Varadam Foundation) a policy providing hull and machinery and protection and indemnity insurance for the M/Y MAMMA MIA for the period May 20, 2005 to May 20, 2006, as per mutual agreement. The hull and machinery coverage provided by the aforementioned policy is pursuant to the American Yacht form R.12, subject to various conditions, warranties, endorsements and amendments as set forth in the policy.

7. The coverage afforded under the aforementioned policy is subject to, inter alia, an express promissory warranty which provides:

> Inland and coastal waters of the east and Gulf Coast U.S.A. between Eastport, Maine and Brownsville, Texas, including Bermuda, the Bahamas and the Caribbean Sea, including Venezuela but excluding Cuba, Columbia and Haiti. Warranted not south of the Tropic of Cancer between 1st June and 31st October inclusive.
>
> Further noted and agreed, effective inception, the number of full-time

paid crewmembers covered hereunder in increased from three (3) to four (4).

8.   On June 6, 2005, Counterclaimants received notice by the assureds' agent, Alliance Marine Risk Managers, Inc., that the M/Y MAMMA MIA had grounded on a reef in the Gulf of Mexico off Puerto Aventuras, Mexico. At the time of the incident, the M/Y MAMMA MIA was south of the Tropic of Cancer and therefore outside the territorial limits specified in the aforementioned express promissory warranty.

9.   On June 10, 2005, a reservation of rights letter was issued to the assureds on behalf of Counterclaimants.

10.   A dispute has arisen between Counterclaimants and Mr. Jalife with respect to whether there is coverage under the aforementioned policy for the property damage sustained by the M/Y MAMMA MIA, and for the costs and expenses associated with removal of the vessel and other incidental damages, by reason of the grounding.

11.   There is a justifiable controversy existing between Counterclaimants and Mr. Jalife which should be heard by this Honorable Court.

12.   There may be other or further facts or circumstances which invalidate coverage under the aforementioned policy, or which violate the terms, conditions or warranties contained therein, and Counterclaimants therefore reserve the right to raise such other claims as may be necessary.

WHEREFORE, Counterclaimants respectfully demand judgment against Jaime Jalife declaring that there is no coverage afforded under the aforementioned policy with respect to this

incident and for such other and further relief as the Honorable Court may deem just and proper, including the costs of this action.

                    Respectfully submitted,

                    PALMER BIEZUP & HENDERSON LLP

Date: March 23, 2006         By: __/s/ Michael B. McCauley_____
                                      Michael B. McCauley (ID 2416)
                                      1223 Foulk Road
                                      Wilmington, DE 19803
                                      (302) 594-0895
                                      (302) 478 7625 (fax)
                                      mccauley@pbh.com
                                      Attorneys for Defendants/Counterclaimants,
                                      ACE Capital *et al.*

Of Counsel:

Michael J. Maginnis, T.A.
  (La. Bar No. 8862)
José R. Cot
  (La. Bar No. 18852)
Maginnis & Hurley, aplc
365 Canal Street, Suite 2750
New Orleans, LA 70130
(504) 524-5353
(504) 524-5403 (fax)

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAIME JALIFE | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant | ) | CIVIL ACTION NO. 05-868-KAJ |
| | ) | |
| vs. | ) | |
| | ) | |
| ACE CAPITAL AND OTHERS UNDERWRITING AT LLOYD'S, SEVERALLY SUBSCRIBING TO POLICY NO. A5BGLY170, | ) | |
| | ) | |
| Defendants/Counterclaimants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2006, the foregoing Answer and Counterclaim for Declaratory Judgment was electronically filed with the Clerk of Court using CM/ECF, and a true and correct copy of same was served by first-class mail on the following non-registered participant:

Michael T. Moore, Esq.
Moore & Co., P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134

PALMER BIEZUP & HENDERSON LLP

Date: March 23, 2006

By: /s/ Michael B. McCauley
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478 7625 (fax)
mccauley@pbh.com
Attorneys for Defendants/Counterclaimants,
ACE Capital *et al.*

PBH: 182010.1